# FRANCIS BILES v. DAKOTA COUNTY CO-OPERATIVE COMPANY.[1]

May 19, 1911.

Nos. 17,043—(125).

**Assignment of error.**

Where the trial court found a sale and delivery of property to defendant

[1]Reported in 131 N. W. 338.

at an agreed price and part payment and a balance due, an assignment of error that the court erred in finding "all other facts alleged in the pleadings and not admitted thereby" were "not proved," does not bring before this court the question of the sufficiency of the evidence to sustain the finding of the balance due plaintiff. [Reporter.]

Action in the district court for Dakota county to recover $3,221.61, balance of purchase price of certain real estate and stock of goods. The answer alleged that plaintiff, being desirous of disposing of certain property and business, executed a certain proposal and agreement, and the acceptance thereof was signed by a large number of the residents of Randolph, Minnesota; that for the purpose of carrying out the contract the property and business were thereafter transferred to defendant; that shares of capital stock of said corporation to the amount of the inventory were deposited with the directors to be sold and proceeds to be paid to plaintiff; that plaintiff accepted the deposit as a full and final payment for all of the property and business. The reply denied that the corporation was organized for the purpose of acting upon the proposal, and alleged that it was organized as a co-operative association under the laws of the state relating to such associations, for the purposes stated in its articles of incorporation, viz: "To engage in and conduct a general merchandise and manufacturing business on the co-operative plan, and to that end to purchase, take, or lease or exchange, hire or otherwise acquire any real or personal property, and any rights or privileges which the company think necessary or convenient for the purpose of its business;" that in pursuance of said articles it purchased the property of plaintiff and also other stocks at Northfield and other places and engaged in the mercantile business at these places and issued to subscribers large amounts of its capital stock, exceeding in amount the sum due plaintiff for the balance of the purchase price of his property; that upon application by it to purchase the stock and property of plaintiff, appraisers were appointed by the respective parties; that the appraisers fixed the aggregate value of the property at the sum stated in the complaint; that no other agreement had ever been made between the parties or any action taken in relation to delaying the payment of the balance of the purchase price; denied that shares of stock of the corporation were issued to plaintiff or deposited with the corporation; alleged that if any stock was held by the board of directors, it was held without the knowledge or consent of plaintiff; that without any further agreement, except payment of part of the purchase money upon the delivery of the property, defendant took possession of all the merchandise and sold it, converting the proceeds to its own use. The case was tried before Crosby, J., who made findings of fact and as conclusion of law ordered judgment in favor of plaintiff for $3,019.67. From the judgment entered pursuant to the findings, defendant appealed. Affirmed.

*William W. Pye,* for appellant.

*Gideon S. Ives,* for respondent.

PER CURIAM.

This is an appeal from a judgment entered after trial by the court. By the assignments of error the sufficiency of the findings of fact to sustain the conclusion of law is questioned.

The court definitely finds a sale and delivery of certain property by plaintiff to defendant, at an agreed price, an amount paid on the purchase price, and the balance unpaid and due. This clearly sustains the conclusion that the plaintiff is entitled to judgment for such balance. Counsel for appellant, in his brief, discusses at length the evidence and the facts claimed to be established thereby. No motion was made for additional findings. The assignment that the court erred in the following finding: "I further find all other facts alleged in the pleadings and not admitted thereby not proved"—does not bring before this court for consideration the sufficiency of the evidence to sustain the finding made of the balance due plaintiff.

Judgment affirmed.